Filed 4/30/14  P. v. Ross CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F066279 |
| v. | (Super. Ct. No. 12CM7533A) |
| TERRILL LEE ROSS, | **OPINION** |
| Defendant and Appellant. | |

### <u>THE COURT</u>[*]

APPEAL from a judgment of the Superior Court of Kings County.  John G. O'Rourke, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Kane, J., and Peña, J.

## INTRODUCTION

On October 25, 2012, appellant, Terrill Lee Ross, entered into a plea agreement in which he would admit one count of conspiracy to furnish a controlled substance in a state prison (Pen. Code, §§ 182, subd. (a)(1) & 4573.9, count 1)[1] and a prior serious felony conviction within the meaning of the three strikes law. In exchange for appellant's change of plea, four other counts and three special allegations would be dismissed. Appellant would receive a stipulated sentence of four years, doubled to eight years under the three strikes law, to be served consecutively to the sentence he was already serving.

The trial court reviewed the terms of the plea agreement with appellant as well as the consequences of the plea. The court asked appellant if he understood the plea agreement and had any questions. Appellant replied that he understood the terms of the plea agreement and had no questions. Defense counsel told the court that he reviewed the consequences of the plea with appellant as well as appellant's potential defenses. The court advised appellant of his constitutional rights, which appellant waived pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122. Appellant further waived his right to a preliminary hearing. The parties stipulated to a factual basis for the plea.[2]

Appellant pled guilty to the violation of sections 182, subdivision (a)(1) and 4573.9. Appellant admitted a prior serious felony conviction within the meaning of the three strikes law. Appellant waived the preparation of a presentence report. The court

---

[1]     All statutory references are to the Penal Code.

[2]     On September 22, 2012, while incarcerated at Corcoran State Prison, appellant was visited by Tracy Henry, who removed a black bindle weighing 123 grams from her person and handed it to appellant by placing it into appellant's clothing. Appellant attempted to secrete the bindle into his rectal cavity. Appellant was detained by prison authorities, who found four separately wrapped cellophane bindles of heroin in usable quantities on his person.

sentenced appellant to the stipulated sentence of four years, doubled to eight years, to be served consecutively to the sentence appellant was already serving.

The trial court granted appellant's request for a certificate of probable cause. Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on February 8, 2013, we invited appellant to submit additional briefing. Appellant replied with a supplemental brief stating that his trial counsel was ineffective, had inappropriate side-bar conversations with the trial court and prosecutor, coerced appellant into the plea agreement, failed to explain the terms of the plea agreement, and generally failed to represent appellant in a competent manner.

Appellant's challenges can be construed to be a challenge to the effectiveness of his trial counsel. The defendant has the burden of proving ineffective assistance of trial counsel. To prevail on a claim of ineffective assistance of trial counsel, the defendant must establish not only deficient performance, which is performance below an objective standard of reasonableness, but also prejudice. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Tactical errors are generally not deemed reversible. Counsel's decisionmaking is evaluated in the context of the available facts. To the extent the record fails to disclose why counsel acted or failed to act in the manner challenged, appellate courts will affirm the judgment unless counsel was asked for an explanation and failed to provide one, or, unless there simply could be no satisfactory explanation. Prejudice must

3

be affirmatively proved.  The record must affirmatively demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  (*People v. Maury* (2003) 30 Cal.4th 342, 389.)  Attorneys are not expected to engage in tactics or to file motions that are futile.  (*Id*. at p. 390; also see *People v. Mendoza* (2000) 24 Cal.4th 130, 166.)

There is nothing in the record to support any of appellant's allegations concerning the competency of his trial counsel.  Appellant has failed to demonstrate that his trial counsel's representation was below professional standards or that he was prejudiced by counsel's alleged ineffective representation.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.